UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5764-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence, by discounting his testimony and lay witness statements, and by fashioning an erroneous RFC. (Dkt. # 13.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1974 and has no past relevant work. AR at 40. Plaintiff applied for benefits in February 2016, alleging disability as of July 1, 2015. *Id.* at 33. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in February 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 85-127. In June 2019, the ALJ issued

ORDER - 1

a decision finding Plaintiff not disabled. *Id.* at 30-47. In relevant part, the ALJ found Plaintiff's severe impairments of lumbar spine degenerative disc disease and degenerative joint disease with status post compression fractures limited him to light work subject to a series of further limitations. *Id.* at 35, 37. Based on vocational expert testimony the ALJ found Plaintiff could perform light jobs found in significant numbers in the national economy. *Id.* at 40-41. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 6.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# IV. DISCUSSION

## A. The ALJ Did Not Err in Evaluating the Medical Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

### 1. Examining Doctor W. Daniel Davenport, M.D.

Dr. Davenport examined Plaintiff in April 2019, and opined Plaintiff could maximally stand and walk less than two hours, sit at least two hours, lift and carry less than ten pounds occasionally, and climb/balance/stoop/kneel/crouch/crawl for just a few minutes. AR at 1028. Dr. Davenport also opined Plaintiff would be unable to work around "temperature extremes, chemicals, dust, fumes, gases or excessive noise." *Id.* The ALJ gave Dr. Davenport's opinion "little weight," AR at 40, for several reasons, at least three of which were valid.

The ALJ first discounted Dr. Davenport's opinion as "not supported by the objective medical evidence. He finds hand and feed [*sic*] degenerative joint disease but x-rays mention no abnormalities." AR at 40. Plaintiff argues "Dr. Davenport was qualified to observe these abnormalities *on physical examination*." (Dkt. # 13 at 3 (emphasis in original).) Plaintiff does not, however, challenge the substantial evidence supporting the ALJ's finding. *See*, *e.g.*, AR at 1015 (x-ray of right hand indicating "[n]ormal right hand"); 1014 (same, for left hand); 1013 (same, for left foot); 1012 (same, for right foot). Here, the ALJ reasonably discounted Dr. Davenport's opinion as inconsistent with objective evidence. Because an ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)

(holding that a treating physician's opinion may properly be rejected where it is contradicted by other medical evidence in the record), the Court concludes the ALJ did not err by discounting Dr. Davenport's opinion on this ground.

Next, the ALJ discounted Dr. Davenport's opinion because the doctor "does not address or explain the mild to moderate degenerative changes[.]" AR at 40. Plaintiff argues, without elaboration, that "[t]his reason is neither clear nor legitimate." (Dkt. # 13 at 3.) However, an ALJ may give less weight to a doctor's opinion that is brief, conclusory, and inadequately supported by medical records – as the ALJ did here. *See Bayliss*, 427 F.3d at 1216. Further, Plaintiff bears the burden of showing the ALJ harmfully erred. *See Molina*, 674 F.3d at 1111. Here, Plaintiff's argument is nothing more than a conclusory statement that the ALJ erred, made without elaboration, explanation, or citation to supportive evidence. Plaintiff thus falls far short of meeting his burden to show the ALJ harmfully erred. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. …We require contentions to be accompanied by reasons."); *see generally Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity); *see also James M. v. Comm'r of Soc. Sec.*, No. C19-5755-BAT, 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave the Court to do counsel's work—framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.").

Third, the ALJ discounted Dr. Davenport's opinion because "the prohibition against pulmonary irritants has no objective support with the claimant's normal respiratory examination and lack of any respiratory complaints." AR at 40. Plaintiff argues such a limitation is

"reasonable" given Plaintiff's mobility difficulties and pain. (Dkt. # 13 at 4.) However, Plaintiff fails to elaborate how mobility difficulties and pain are reasonably related to or exacerbated by pulmonary irritants. Nevertheless, assuming such a limitation is reasonable, it was also reasonable for the ALJ to find the limitation unsupported or contradicted by objective respiratory evidence. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Andrews*, 53 F.3d at 1041); *Batson*, 359 F.3d at 1195. Because the ALJ's finding is supported by substantial evidence, the Court concludes the ALJ did not err. *See, e.g.*, AR at 1027 (Dr. Davenport's evaluation indicating "[b]reath sounds full and equal throughout. No rales, rhonchi, or cough.")

Fourth, the ALJ seemingly discounted the doctor's opinion because "[Dr. Davenport] was only able to examine the claimant once in a very short evaluation." AR at 40. Plaintiff correctly argues such a reason is erroneous. (Dkt. # 13 at 4.) The error is harmless, however, in light of the valid reasons given to discount the opinion, as addressed above. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

Finally, the ALJ discounted the opinion as "not consistent with the longitudinal record as discussed above in evaluating the DDS opinion." AR at 40. Plaintiff argues, without elaboration, "Dr. Davenport's opinion is fully consistent with his own independent clinical findings. And it is also reasonably consistent with Ms. Fadele's findings and opinion." (Dkt. # 13 at 4.) This is a conclusory argument and, as noted above, arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are

accordingly rejected. For the foregoing reasons, the Court finds the ALJ accordingly reasonably discounted Dr. Davenport's opinion.

### 2. *Treating Provider Florence Fadele, ARNP.*

ARNP Fadele, Plaintiff's treating provider, completed a DSHS evaluation in January 2016, and opined Plaintiff was limited to sedentary work. AR at 407. The ALJ gave "little weight" to the opinion, finding the ARNP's assessment of "decreased spine mobility" was contradicted by "2016 physical examination reports indicat[ing] [Plaintiff's] spine range of motion was only mildly reduced and another examiner noted significant indicators of malingering." *Id*. at 39 (internal citations omitted). The ALJ also found the opinion "not supported by the longitudinal record as discussed above in evaluating the DDS opinion." *Id*.

Plaintiff first argues ARNP Fadele "was able to base her opinion on her own clinical findings." (Dkt. # 13 at 8.) Nevertheless, the ALJ still properly discounted ARNP Fadele's opinion as inconsistent with other medical evidence in the record. *See Batson*, 359 F.3d at 1195 (an ALJ may give less weight to an opinion that is inconsistent with other evidence in the record); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (the ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record).

Plaintiff next argues "the longitudinal record includes many findings which support Ms. Fadele's opinion." (Dkt. # 13 at 8.) Plaintiff fails, however, to elaborate or cite to supportive evidence. The conclusory argument is accordingly rejected.

Finally, Plaintiff argues ARNP Fadele's "opinion is also reasonably consistent with Dr. Davenport's opinion." (Dkt. # 13 at 8.) This argument necessarily fails because the ALJ reasonably discounted Dr. Davenport's opinion, as discussed above.

The ALJ accordingly reasonably discounted ARNP Fadele's opinion.

### 3. *Examining Psychologist Kerith A. Tarantino, Psy.D.*

Dr. Tarantino examined Plaintiff in June 2016, did not make any DSM-5 diagnoses, and opined Plaintiff's "[m]ental health prognosis is good. He currently denies all mood concerns and notes that he was able to resolve [these] symptoms on his own by working out a more positive optimistic outlook on his circumstances." AR at 481, 484. The ALJ gave Dr. Tarantino's opinion "significant weight," finding it "consistent with the longitudinal record, which does not document any mental health treatment or diagnosis based on objective evidence." *Id*. at 37.

In challenging the ALJ's treatment of Dr. Tarantino's opinion, Plaintiff argues, without elaboration, that "Dr. Irving noted that while [Plaintiff] denied depression, he showed several signs of depression, and he appeared depressed during the appointment." (Dkt. # 13 at 9.) Plaintiff fails to articulate how the ALJ misevaluated Dr. Tarantino's opinion or how such an error was harmful. As discussed above, the ALJ is entitled to weigh conflicting opinions and may reject one opinion as contradicted by another opinion. Plaintiff bears the burden to show the ALJ harmfully erred and vague and conclusory statements regarding Plaintiff's view of the record are insufficient to meet this burden.

### 4. *Non-Examining Doctor J. Dalton, M.D.*

The ALJ gave "little weight" to the January 2016 opinion of non-examining physician Dr. Dalton. AR at 39. The ALJ found Dr. Dalton did not provide a "detailed explanation" for opining Plaintiff is "limited to a sedentary level." *Id*. at 39-40. The ALJ also found Dr. Dalton "appears to have relied heavily on the claimant's symptoms." *Id*. at 40. Finally, the ALJ discounted the opinion as inconsistent with the longitudinal record. *Id*.

In contending the ALJ erred, Plaintiff argues, without elaboration: "Substantial evidence does not support the ALJ's analysis. In fact, Dr. Dalton's opinion provides some additional support for the opinions of Dr. Davenport and Ms. Fadele." (Dkt. # 13 at 10.) Plaintiff presents a

ORDER - 7

conclusory argument and, as noted above, arguments made without elaboration, explanation, or citation to supportive evidence are insufficient to establish the ALJ harmfully erred and are accordingly rejected. Because Plaintiff fails to articulate how or why the ALJ harmfully erred in discounting Dr. Dalton's opinion, the Court will not disturb the ALJ's determination. As such, Dr. Dalton's opinion does not support, as Plaintiff suggests, the opinions of Dr. Davenport and ARNP Fadele, which the ALJ also properly rejected.

The ALJ accordingly reasonably discounted Dr. Dalton's opinion.

     5.  *Non-Examining Doctor James Irwin, M.D.*

The ALJ gave "significant weight" to Dr. Irwin's DDS physical functioning assessment. AR at 39. The ALJ found Dr. Irwin assessed Plaintiff "has abilities consistent with light work with frequent to occasional postural activities except no ladders, ropes, or scaffolds; avoiding concentrated exposure to vibration; and avoiding moderate exposure to hazards." *Id.* The ALJ found "the light level with restricted postural activities and vibration is consistent with the objective evidence." *Id*.

Plaintiff argues the ALJ erroneously gave greater weight to Dr. Irwin's opinion over the opinions of Dr. Davenport and ARNP Fadele, contending "Dr. Irwin's opinion is entitled to little if any weight because it is inconsistent with the opinions of Dr. Davenport and ARNP Fadele." (Dkt. # 13 at 10.) Because the ALJ properly discounted the opinions of those examining sources, however, he did not err in giving weight to the opinion of Dr. Irwin, a non-examining source. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) ("[T]he ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'") (quoting *Andrews*, 53 F.3d at 1039).

The Court accordingly finds the ALJ did not err in weighing Dr. Irwin's opinion.

**B. The ALJ Did Not Err by Discounting Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified "his physical impairments cause poor mobility, sciatic pain down legs, and feet swelling," and his symptoms "limit his ability to lift more than 7-10 pounds; walk more than half a block; stand and sit for extended periods; perform all listed postural activities; and reach." AR at 38. The ALJ further indicated Plaintiff testified "his symptoms and resulting limitations make it difficult though to sleep, prepare meals, complete tasks, and attend to his personal care." *Id*. The ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.* at 39.

In support, the ALJ found Plaintiff's testimony inconsistent with his "essentially routine" and "conservative in nature" treatment. *Id*. The ALJ further found "imaging reveals degenerative changes but no evidence of nerve impingement. Considering physical examination reports only document tenderness and reported pain with range of motion except as indicated above, such treatment history does not suggest the presence of impairments that are more limiting than found in this decision." *Id*.

Plaintiff argues, without elaboration, that his routine and conservative treatment and imaging results do not "prove what level of pain [Plaintiff] has been experiencing." (Dkt. # 13 at 12.) Plaintiff's conclusory arguments do not identify how the ALJ's findings are unsupported, why the ALJ's interpretation is unreasonable, and thus why the ALJ erred. Plaintiff does not show with any specificity that the record does not support the ALJ's findings.

To the contrary, the ALJ reasonably discounted Plaintiff's testimony as inconsistent with the medical record, *see Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); and inconsistent with Plaintiff's undisputed routine and conservative treatment, *see Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"). Specifically, the ALJ found "[s]ince [Plaintiff's] application date, treatment has been limited to pain medication" and "at his only orthopedic/pain doctor visit in mid-2016, the doctor noted significant malingering behavior and referred the claimant back to his primary care provider to continue giving him medication with recommendations to taper the opioids." AR at 38 (internal citations omitted). Substantial evidence supports the ALJ's findings. *See, e.g.*, *id.* at 398 (January 25, 2016 treatment note indicating "[r]elieving factors include pain meds"); 471 (March 30, 2016 treatment note indicating "[s]ymptoms are relieved by pain meds/drugs"). Plaintiff does not dispute these findings, but instead offers his own interpretation of them.

The Court accordingly finds the ALJ did not err by discounting Plaintiff's testimony.

**C. The ALJ Did Not Err by Discounting the Lay Witness Statements**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff contends the ALJ's treatment of statements from Plaintiff's significant other was erroneous.

The ALJ found statements from Plaintiff's significant other "are not consistent with the medical evidence of record, which shows [Plaintiff's] symptoms were managed conservatively with medication[.]" AR at 38. Plaintiff argues that the ALJ's reasoning "is not a germane reason to reject [her] observations." (Dkt. # 13 at 15.) The Court rejects Plaintiff's argument. Where an ALJ has provided clear and convincing reasons to discount a claimant's testimony, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Here the ALJ rejected Plaintiff's significant other's statements for the same reason he rejected Plaintiff's statements: that they were inconsistent with the medical evidence, specifically, Plaintiff's routine and conservative treatment.

The Court accordingly concludes the ALJ's findings regarding the lay testimony are supported by substantial evidence and affirms the ALJ's determination.

**D. The ALJ Did Not Err by Formulating Plaintiff's RFC and Making Step Five Findings**

Plaintiff argues the Court should find the ALJ's RFC determination and step five findings are erroneous because the ALJ failed to include all limitations assessed by Dr. Davenport and ARNP Fadele, and also improperly discounted Plaintiff's testimony and the testimony of the lay witnesses. (Dkt. # 24 at 18.) The argument is foreclosed because, as discussed above, the ALJ gave valid reasons supported by substantial evidence to discount the doctors' opinions and the testimony of Plaintiff and the lay witnesses.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 30th day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge